**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GLINNON NORRIS,
<u>Plaintiff-Appellant,</u>

v.

JERRY DETRICK, Administrator;

CORPORAL HUPPENTHAL; CORPORAL
COOK; OFFICER ROACH; LIEUTENANT
RUDLOFF,
<u>Defendants-Appellees.</u>

No. 96-6473

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CA-93-169-2)

Submitted: March 13, 1997

Decided: March 21, 1997

Before HALL, ERVIN, and WILKINS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William C. King, Jr., KING LAW FIRM, P.C., Pittsburgh, Pennsylvania, for Appellant. Donald L. Darling, Senior Deputy Attorney General, Charleston, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Glinnon Norris, a federal prisoner, appeals the dismissal of his 42 U.S.C. § 1983 (1994) action in which he alleged correctional officers at the Eastern Regional Jail used excessive force against him when they sprayed him with CN gas, a commonly used tear gas. Norris only raises two issues on appeal: that the grant of summary judgment to the defendants was erroneous (1) because a reasonable jury could conclude that the correctional officers' actions constituted excessive force and (2) because the officers were not entitled to qualified immunity. For the following reasons, we affirm.

The undisputed facts revealed the following. Norris was a physically imposing (six foot two inches tall and 225 pounds) inmate skilled in martial arts (he was a world class kickboxer) who had used his size and skill to previously injure two correctional officers. At 11:00 p.m. one evening, Norris refused a correctional officer's order to leave the day room and return to his cell for evening lock-down. He refused another such order at 11:30 p.m. At 11:45 p.m. officers entered the day room armed with tear gas and again ordered Norris to his cell; he refused and began advancing toward the officers. An officer administered a short blast of gas engulfing Norris. Thereafter, Norris began to walk toward his cell but then charged the officers with a sweeping kicking motion and received a second blast of gas on his back at close range. Norris then retreated to his cell and despite medical treatment, suffered serious burns because of the gas. Based upon these facts, the district court granted the defendant correctional officers summary judgment on both issues.

We review an order granting summary judgment de novo, and will find it proper if the movant can show that there is no material fact in dispute, when viewing the evidence in the light most favorable to the other party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256-57

(1986). If the nonmovant fails to establish an essential element of its
claim, summary judgment is appropriate. Celotex Corp. v. Catrett,
477 U.S. 317, 322-23 (1986).

To determine if an excessive force claim in the context of a prison
disturbance establishes a violation of the Eight Amendment's prohibi-
tion against cruel and unusual punishment, a court must determine
"whether the force was applied in a good faith effort to maintain or
restore discipline or maliciously and sadistically for the very purpose
of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986)
(citation omitted). "These cases mandate [an] inquiry into a prison
official's state of mind when it is claimed that the official has inflicted
cruel and unusual punishment," Wilson v. Seiter, 501 U.S. 294, 299
(1991), and a claim will fail where "the officials lacked the culpable
state of mind necessary for the punishment to be regarded as `cruel,'
regardless of the actual suffering inflicted." Id. at 297. Factors to be
considered in reaching this determination are "the need for application
of force, the relationship between the need and amount of force that
was used, [ ] the extent of injury inflicted" and "the extent of the
threat to the safety of staff and inmates, as reasonably perceived by
the responsible officials on the basis of the facts known to them, and
any efforts made to temper the severity of a forceful response."
Whitney, 475 U.S. at 321 (citation omitted).

We find the actions taken by the correctional officers against Nor-
ris reflect a good faith attempt to maintain discipline. Although Norris
alone did not present a riotous situation, he did present an extremely
dangerous confrontation for the officers based upon his size, fighting
skills, and prior conduct. The two short blasts of gas were only
applied after Norris refused to comply with three legitimate orders to
return to his cell and only when he moved toward the officers in a
threatening manner and attempted to kick them. The officers' conduct
is inconsistent with a malicious intent to punish. Id. at 320. Although
Norris' injuries were extensive, negligent use of the gas does not

establish a claim under 42 U.S.C. § 1983. <u>See Daniels v. Williams</u>, 748 F.2d 229, 232 (4th Cir. 1984) (holding that negligent personal injury does not state a § 1983 claim). Further, "`[p]rison administra-
tors . . . should be accorded wide-ranging deference in the adoption
and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain insti-

3

tutional security.'" <u>Whitney</u>, 475 U.S. at 321-22 (quoting <u>Bell v. Wolfish</u>, 441 U.S. 520, 547 (1979)). Such deference extends to "preventive measures intended to reduce the incidence of breaches . . . of prison discipline." <u>Whitney</u>, 475 U.S. at 322. Because we find as a matter of law that the correctional officers' actions do not constitute an Eighth Amendment violation, we do not reach the issue of whether the officers are protected from suit by qualified immunity. Thus, we affirm the district court's order granting summary judgment to the officers. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4